UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOHN L. SCHLABACH,<br><br>  Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Defendant. | NO.   CV-12-0618-JLQ<br><br>**ORDER GRANTING MOTION TO DISMISS; DIRECTING ENTRY OF JUDGMENT AND CLOSING FILE** |

**BEFORE THE COURT** is the United States' Motion to Dismiss (ECF No. 9), to which Plaintiff has filed a Response in opposition (ECF No. 14). For the reasons stated below, the Motion to Dismiss must be granted.

**I. BACKGROUND**

On September 4, 2012, Plaintiff John J. Schlabach filed a *pro se* Complaint in the Superior Court for Spokane County, Cause No. 12-2-03482-1 alleging "Trespass on the Case" against a U.S. Tax Court clerk, Robert R. Di Trolio, a U.S. Tax Court Judge, L. Paige Marvel, and an attorney for the Internal Revenue Service, Patsy Clarke. The Complaint alleges that in the context of a proceeding he filed in the U.S. Tax Court, the Defendants "exceeded their authority...by refusing to file documents, motions, orders and writs..." In addition to damages and attorney's fees, the Complaint seeks 1) declaratory judgment declaring "that defendants have abused their authority and have acted contrary to constitutional right, power or privilege" and "that the records of the court not of record are impeached for want of jurisdiction" and 2) injunctive relief enjoining the Defendants from "refusing to file any documents, motions, orders or writs properly served upon the clerk and

ORDER - 1

opposing counsel" and enjoining the judge "from issuing any orders without leave of the court."

On December 10, 2012, the United States removed the matter from state court to this court. On January 7, 2013, the court granted the United States' Motion for Substitution as the sole party Defendant pursuant to scope of employment certification of United States Attorney Michael Ormsby and the provisions of the Federal Tort Claims Act (FTCA). (ECF No. 7). Cognizant of the disadvantage that pro se litigants face, the court liberally construed Plaintiff's Complaint as a damages action sounding in the torts of trespass, negligence, and misuse of authority. (ECF No. 7).

On February 22, 2013, the United States moved for dismissal of the Complaint for lack of jurisdiction. Specifically, the Motion contends that (1) the United States has not waived sovereign immunity to such suit; (2) subject matter jurisdiction is lacking since Plaintiff failed to file an administrative tort claim with the required agencies prior to bringing his lawsuit; (3) the three named federal employees have absolute immunity from suit; (4) Plaintiff's efforts to seek injunctive and declaratory relief in a tax matter is inappropriate; and (5) Plaintiff has failed to effectuate proper service against the United States. (ECF No. 9). Plaintiff opposes the Motion contending sovereign immunity doesn't apply because he is the sovereign of the country and that the United States waived its immunity argument by removing the case to federal court. Further he contends, neither the FTCA nor 26 U.S.C. § 7421(a) apply because he is not asserting tort claims, but rather a *Bivens* action.

**II. LEGAL STANDARDS**

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1) when the Court lacks subject matter jurisdiction over the claim. Fed.R.Civ.P. 12(b)(1). This is a threshold issue which goes to the power of the court to even hear the case. Because this basic foundation is at stake, the court is not limited to the allegations in the Complaint but may also consider extrinsic evidence and, if facts are in dispute, may weigh the evidence in order to

ORDER - 2

satisfy itself that jurisdiction exists. *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987). Although lack of subject matter jurisdiction is an affirmative defense, the burden of proof to show jurisdiction in a 12(b)(1) motion is on the Plaintiff. *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).

A motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6) tests the legal sufficiency of the claims in the Complaint. A complaint must be dismissed if it does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). In addition, where a plaintiff appears pro se, the court must construe the pleadings liberally and afford the Plaintiff any benefit of the doubt. *Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the Complaint's deficiencies cannot be cured by amendment. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Nevertheless, a pro se plaintiff's claims must be dismissed where it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *Barrett v. Belleque*, 554 F3d 1060, 1061 (9th Cir. 2008).

**III. ANALYSIS**

**I. FTCA Claims against the United States**

The Defendant United States argues that the court lacks subject matter jurisdiction because the United States has not waived sovereign immunity and because Plaintiff has not shown he is entitled to bring suit under the FTCA. "The United States, as a sovereign entity,

ORDER - 3

is immune from suit unless it has consented to be sued. Waiver of immunity must be demonstrated by the party suing the United States." *Cominotto v. United States*, 802 F.2d 1127, 1129 (9th Cir. 1986). Plaintiffs must show that the government has "unequivocally expressed" a waiver of immunity. *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir.1985).

Plaintiff's argument that sovereign immunity does not apply in this case because he "is the true sovereign in this action..." is clearly without merit. While Plaintiff's Complaint does not reference the FTCA, the court liberally construed Plaintiff's claims as asserting a tort action for damages which would be governed by the FTCA. (*See* ECF No. 7). The FTCA provides the exclusive means of recovering damages against the United States for certain torts committed by federal employees within the scope of their employment. *U.S. v. Smith*, 499 U.S. 160, 163 (1991). However, under 28 U.S.C. § 2675(a) "a tort claimant may not commence proceedings in court against the United States without first filing a claim with an appropriate federal agency and either receiving a conclusive denial of the claim from the agency or waiting for six months to elapse without a final disposition of the claim being made." *Jerves v. United States*, 966 F.2d 517, 519 (9th Cir.1992).

Here, Plaintiff does not allege that he has filed an administrative court claim either with the U.S. Tax Court or Internal Revenue Service, and further the Government alleges that no such claim was filed. Plaintiff essentially acknowledges he has not exhausted his administrative remedies as he maintains the FTCA is inapplicable, and asks the court to remand the case to state court. Given the failure to have exhausted his administrative remedies, the court lacks subject matter jurisdiction over any tort claims under the FTCA.

Even if subject matter jurisdiction existed, the FTCA waives the Government's sovereign immunity only with respect to claims for injury "where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred," 28 U.S.C. § 1346(b)(1). Accordingly, the United States would be entitled to assert any defense based upon judicial or quasi-judicial immunity which otherwise

ORDER - 4

would have been available to the individual federal employees. Here, the Complaint alleges that in the context of a proceeding he filed in the U.S. Tax Court concerning his alleged federal income tax liability, the Defendants "exceeded their authority...by refusing to file documents, motions, orders and writs..." Plaintiff's claims reference federal employees' judicial actions taken within the subject matter jurisdiction of the U.S. Tax court. Federal judges are shielded from personal liability for their official acts so that they may "perform their respective functions without harassment or intimidation." *Butz v. Economou*, 438 U.S. 478, 512 (1978); *Forrester v. White*, 484 U.S. 219, 225 (1988)(judges have absolute immunity defense). In addition, this immunity doctrine has been extended to the conduct of IRS advocates, *see Fry v. Melaragno*, 939 F.2d 832, 836 (9th Cir. 1991), and court clerks, where the accused conduct is an integral part of the judicial process. *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385 (9th Cir. 1987)(court clerks have absolute quasi-judicial immunity for refusal to accept a filing). These defenses likewise immunize the United States from this action under the FTCA.

The remainder of Plaintiff's claims would fare no better under the FTCA even if judicial immunity did not apply as the FTCA does not authorize this court to issue declaratory judgments and injunctions against the United States. *See Estate of Trentadue v. United States*, 397 F.3d 840, 863 (10th Cir. 2005)("[T]he District Court lack[s] subject matter jurisdiction under the FTCA to provide injunctive and declaratory relief"); *see also* 28 U.S.C. § 1346(b) (providing the district courts have jurisdiction over all civil actions on claims against the United States, "for money damages, ... for injury or loss of property, or personal injury or death").

**B. Denial of Leave to File Amended Complaint**

Although not pleaded in the Complaint, in his Response to the Motion to Dismiss Plaintiff characterizes his claims as actionable under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Bivens* authorizes, in extremely

ORDER - 5

limited circumstances, damages suits against federal officials in their individual capacities for violations of constitutional rights. However, the judicial immunity doctrines discussed above would likewise apply to bar Plaintiff's constitutional tort claims against these federal judicial employees, as well as any claim for declaratory, injunctive or other equitable relief against these same employees. *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir. 1987).

Although leave to amend is usually freely granted, in this instance Plaintiff's *Bivens* claim against the tax court clerk and judge are such that the court must dismiss the Complaint without leave to amend.

## IV. CONCLUSION

For the foregoing reasons the court **GRANTS** Defendant's Motion to Dismiss (ECF No. 9) without leave to amend. The Clerk of the Court shall enter Judgment of Dismissal with prejudice of the Complaint and the claims therein without costs or attorneys fees to any party.

The Clerk of this court shall enter this Order and judgment, forward copies to the Plaintiff and counsel, and close this file.

**DATED** this 15th day of April, 2013.

> s/ Justin L. Quackenbush
> JUSTIN L. QUACKENBUSH
> SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 6